1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE subpoenas to MAXLINEAR, INC.,

Case No.:  3:21-cv-1556-CAB-AGS

**ORDER DENYING MOTION TO ENFORCE SUBPOENAS (ECF 1), VACATING HEARING, AND CLOSING THE CASE**

The party serving a subpoena may move to compel production in the court for the "district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i). The question here is: Which federal district is that?

Plaintiff TQ Delta, LLC, served a subpoena requiring nonparty MaxLinear, Inc., to produce documents and sit for a deposition in Irvine, California, which is in the Central District of California. (*See* ECF 1-3, at 2.) But TQ Delta moved to enforce that subpoena here, in the Southern District of California. The district of compliance "is determined by the location or 'place' for compliance identified on the subpoena." *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017). Because the subpoena's listed "place" is in the Central District, this Court seems to lack authority to consider TQ Delta's motion.

Yet TQ Delta rejects this straightforward analysis and argues that the "district where compliance is required" should be in a district within 100 miles of MaxLinear's headquarters, which would include the Southern District. At least two cases have adopted that approach.[1] *See Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *3 (C.D. Ill. July 7, 2017); *Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018). In essence, these courts looked to where the subpoena objectively *should*

---

[1] TQ Delta also cites *In re Outlaw Labs., LP Litig.*, Case No. 18-CV-840 GPC (BGS), 2020 WL 5709386, at *3 (S.D. Cal. Sept. 24, 2020), for this proposition. But the *In re Outlaw Labs* court "decline[d] to make th[at] determination" in its "Order because the briefing d[id] not address this specific issue and the Court d[id] not need to reach it to determine Tauler Smith filed in the wrong district." *Id.* at *3 n.7.

1

1  have been ordered complied with and deemed that to be the "district where compliance is
2  required." *See, e.g.*, *Raap*, 2017 WL 2462823, at \*2-3.

3      This approach has been criticized based on Rule 45's language and for various
4  practical issues. *See, e.g.*, *Herrington*, 354 F. Supp. 3d at 709-10 (rejecting that approach
5  because it "requires a district court . . . to first resolve a substantive geographical limits
6  issue under Rules 45(c) simply to decide if it is the court with authority to decide a
7  Rule 45(d)(2) or 45(d)(3) motion—including a Rule 45(d)(3)(ii) motion to quash for
8  violating Rule 45(c)—in the first place."); *Adams v. Symetra Life Ins. Co.*,
9  No. 19-MC-401-EFM-ADM, 2020 WL 489523, at \*2 (D. Kan. Jan. 28, 2020) (reasoning
10 that when "a subpoenaed entity does not appear," the court "will have no way of
11 dependably making the fact-intensive determination whether the subpoena's stated place
12 of compliance is within 100 miles of where the subpoenaed person resides, is employed,
13 or regularly transacts business in person without hearing from the subpoenaed person."
14 (citation and quotation marks omitted)); *Merch. Consulting Grp., Inc. v. Beckpat, LLC*,
15 No. CV 17-11405-PBS, 2018 WL 4510269, at \*3 (D. Mass. July 11, 2018) (considering
16 both approaches and finding "the reasoning of the *Herrington* court more persuasive").

17     This case highlights one practical concern in particular: MaxLinear resides within
18 100 miles of *two* districts. Both would qualify under *Raap*'s and *Europlay*'s approach as a
19 district where compliance is required. But what happens if the serving party moves to
20 compel in one district and the responding party moves to quash in the other? To avoid
21 inconsistent rulings, which district should ultimately take up the issue? Happily, we need
22 not wrestle with these thorny questions. Rule 45 makes clear that there can only be one
23 district of compliance: "the serving party may move *the* court for *the* district where
24 compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added).

25     *Raap* and *Europlay* are factually distinguishable, as well. In both, the listed place of
26 compliance was more than 100 miles from where the subpoenaed party resided, meaning
27 the subpoena was invalid on its face. *See* Fed. R. Civ. P. 45(c)(1)(A), (c)(2)(A) (limiting
28 subpoenas of nonparties for depositions or documents to a place "within 100 miles of

2

1 | where the person resides, is employed, or regularly transacts business in person"); *Raap*,

2 | 2017 WL 2462823, at *3 (noting that the subpoenaed party "is not located within and does

3 | not regularly transact business within 100 miles of Madison, Wisconsin"); *Europlay*,

4 | 323 F.R.D. at 630 (commenting that "the Subpoena commanded production in Sherman

5 | Oaks," which was over 100 miles from subpoenaed nonparty Google's "custodians of

6 | records" in "Mountain View, California"). Finally, in both, the responding party objected

7 | to the listed place of compliance as burdensome. *See Raap*, 2017 WL 2462823, at *3;

8 | *Europlay*, 323 F.R.D. at 630. By contrast, the subpoena here is valid on its face, and the

9 | subpoenaed entity prefers to litigate in the district of compliance listed in the subpoena.

10 |      At any rate, this Court finds that the place of compliance is wherever the

11 | "subpoena . . . command[s]," *see* Fed. R. Civ. P. 45(c)(1)&(2), not a judge's best guess at

12 | where to set compliance. *See Herrington*, 354 F. Supp. 3d at 709. TQ Delta's subpoena

13 | specified a location in the Central District, so that is the only court that can compel

14 | compliance.

15 |      Thus, TQ Delta's motion to enforce the subpoena is **DENIED**. The

16 | September 28, 2021 hearing is vacated as moot. The Clerk is directed to close this case.

17 | Dated:  September 23, 2021

18 |

19 |                Hon. Andrew G. Schopler
               United States Magistrate Judge

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

3